UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. _____

**OLD DOMINION INSURANCE COMPANY,**
a/s/o JAMES LUCAS and DOROTHEA LUCAS,

    **Plaintiff,**

vs.

**SCHWARZE INDUSTRIES, INC. and
ALAMO GROUP INC.,**

    **Defendants.**
_____/

## NOTICE OF REMOVAL

Defendant, SCHWARZE INDUSTRIES, INC. ("Schwarze"), by and through its undersigned counsel, hereby files this Notice of Removal in the above-styled cause to the United States District Court, Middle District of Florida, Jacksonville Division, on the following grounds:

### I.   INTRODUCTION

Plaintiff, OLD DOMINION INSURANCE COMPANY, filed suit against Schwarze on February 4, 2022 in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida, identified as Case No. CA-22-0142. Schwarze was served with the Amended Complaint on February 21, 2022.

This action is premised upon purported defects in a "2015 SCHWARZE

A4000 Storm street sweeper bearing Vehicle Identification Number JALEW160E790162" ("subject street sweeper"). James and Dorothea Lucas were the owners of the subject street sweeper and owned property located at 200 Cumberland Park Drive, St. Augustine, FL 32905 which was insured by Plaintiff, OLD DOMINION INSURANCE COMPANY. *See* Amended Complaint at ¶ 3 and 11-12, attached hereto as **Exhibit A**. Plaintiff, OLD DOMINION INSURANCE COMPANY, alleges that on or about April 10, 2018 the subject street sweeper "failed proximately causing severe fire damage to the Property." *See* Amended Complaint at ¶ 8, attached hereto as **Exhibit A**. Plaintiff further alleges "as insurer of the Property, ODIC determined the loss was covered and paid accordingly." *See* **Exhibit A** at ¶ 11. Plaintiff is seeking to recover those payments from Schwarze.

Plaintiff has sued Schwarze and Alamo Group, Inc. This is an action in which the Court has original subject matter jurisdiction under the provisions of 28 U.S.C. § 1332(a), and may be removed to this Court by Schwarze under 28 U.S.C. § 1441(a) and (b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

Copies of all process, pleadings and orders filed in state court are attached hereto, as required by 28 U.S.C. § 1446(a).

25916285v1

## II.   DIVERSITY OF CITIZENSHIP

With respect to the diversity of the parties, Plaintiff is a citizen of Florida; Schwarze is a citizen of Alabama with its principal place of business in Huntsville, Alabama; and Alamo Group Inc., is a citizen of Delaware and Texas with its principal place of business in Seguin, Texas. While Plaintiff's Amended Complaint does not allege its "citizenship," it is a Florida corporation with its principal place of business in Jacksonville, Florida. *See* Sunbiz records of Old Dominion Insurance Company attached hereto as **Exhibit B**.  "For purposes of diversity jurisdiction, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." *Werner v. Busch Entm't Corp.*, 2006 WL 2644920, 1 (M. D. Fla. Sept. 14, 2006) (citing *MacGinnitie v. Hobbs Group LLC*, 420 F. 3d 1234, 1239 (11th Cir. 2005)); *see also* 28 U. S. C. §1332(c)(1).

In an abundance of caution, while James and Dorothea Lucas are not true parties to this action, they are citizens of Florida. The Amended Complaint alleges that they were "the record owner of the property located at 200 Cumberland Park Drive, St. Augustine, Florida 32905." *See* Amended Complaint at ¶ 3, attached hereto as **Exhibit A**.  Of note, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002). "A person's domicile is the place of his true, fixed and permanent home

25916285v1

and principal establishment, and which he has the intention of returning whenever he is absent." *Wiand v. Stoel Rives LLP*, 2016 WL 8931304, *5 (M.D. Fla. 2016) (quoting *McCormick*, 293 F.3d at 1257-58).  James and Dorothea Lucas are domiciled in and citizens of Florida.  This is shown in that they own real property located at 200 Cumberland Park Drive, St. Augustine, Florida 32905, as alleged in the Amended Complaint, as well as real property located at 5135 State Road 13 N, Saint Augustine, Florida 32092 which qualifies for a homestead exemption.  *See* St. Johns County, Florida property appraiser records, attached hereto as **Exhibit C**.  James and Dorothea Lucas have owned this real property since approximately 1990.  *See* **Exhibit C**.  Therefore, at the time that both the Amended Complaint and Notice of Removal were filed in this cause, and at all times material hereto, James and Dorothea Lucas' true, fixed and permanent home was, and is, in St. Johns County, Florida.  Therefore, they are citizens of Florida as this is their "true fixed and permanent home and principal establishment, and which he has the intention of returning whenever he is absent." *Wiand*, 2016 WL 8931304, *5 (M.D. Fla. 2016).

At the time that both the Amended Complaint and the Notice of Removal were filed in this cause, and at all times material hereto, Schwarze was, and is, an Alabama corporation with its **principal place of business located in Huntsville, Alabama**.  *See* Regulatory License from the Alabama Department of Revenue, attached hereto as **Exhibit D**.  Accordingly, Schwarze was and is therefore a citizen

25916285v1

of Alabama for the purposes of 28 U.S.C. §1332.  Additionally, at the time that both the Amended Complaint and the Notice of Removal were filed in this case, and at all times material hereto, Alamo Group, Inc., was a Delaware corporation with its principal place of business in Seguin, Texas.  *See* records of Alamo Group Inc. from the Delaware Secretary of State and Texas Secretary of State, attached hereto as **Exhibit E**.  Accordingly, Alamo Group, Inc., was and is a citizen of Delaware and Texas for the purposes of 28 U.S.C. §1332.

Given that Plaintiff is a citizen of Florida; and James and Dorothea Lucas, to the extent necessary to be considered by this Court, are citizens of Florida; Schwarze is a citizen of Alabama; and Alamo Group, Inc., is a citizen of Delaware and Texas, there is the requisite diversity of citizenship between the parties allowing the Court to take jurisdiction over this action pursuant to 28 U.S.C. §1332.

### III. AMOUNT IN CONTROVERSY

The matter in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorney's fees.  It is apparent from the face of the Amended Complaint that the jurisdictional amount is met as the Amended Complaint seeks damages of $481,386.68.   Therefore, the amount in controversy exceeds the jurisdictional requirement of $75,000.

### IV. CONSENT TO REMOVAL

Alamo Group, Inc., is represented by the undersigned and joins and

25916285v1

consents to this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A). *see also* Consent to Removal, attached hereto as **Exhibit F**.

## V. TIMELINESS

This Notice is timely filed. The removal of this cause is authorized by the provisions of 28 U.S.C. §1441(b). The Amended Complaint was served on Schwarze on February 21, 2022, and this notice of removal is filed within the 30 days allowed for removal of cases based on diversity. 28 U.S.C. §1446(c)(1); 28 U.S.C. § 1446(b)(3); *see Field v. Nat'l Life Ins. Co.*, 2001 WL 77101 (M.D. Fla. Jan. 22, 2001).

## VI. CONCLUSION

Accordingly, Schwarze has established the requisite diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. Written notice of the filing of the Notice of Removal, on this date, has been given to Plaintiff through its attorney. A copy of this Notice has, on this date, been filed with the Clerk of the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida. A copy of all process, pleadings, and papers served and filed in the aforementioned State Court action, which are not attached as other Exhibits to this Notice of Removal, is attached to this Notice of Removal as **Exhibit G**.

25916285v1

WHEREFORE, the Defendant, SCHWARZE INDUSTRIES, INC., requests that this Court assume jurisdiction of this case and approve the Notice of Removal.

Dated: March 11, 2022          Respectfully submitted,

>   */s/       Frank D. Hosley*
>   **FRANK D. HOSLEY**
>   Florida Bar No. 078972
>   Frank.Hosley@BowmanandBrooke.com
>   **AIMEE M. ADAMS**
>   Florida Bar No. 099274
>   Aimee.Adams@Bowmanandbrooke.com
>   **BOWMAN AND BROOKE LLP**
>   1064 Greenwood Boulevard - Suite 212
>   Lake Mary, Florida   32746-5419
>   (407) 585-7600; (407) 585-7610 - Fax
>   *Attorney for Defendant Schwarze Industries, Inc.*

25916285v1