# <u>Exhibit A</u>

 CT Corporation

**Service of Process Transmittal**
02/21/2022
CT Log Number 541087229

**TO:** Ed Rizzuti, VP & General Counsel
ALAMO GROUP (USA) INC.
1627 E Walnut St
Seguin, TX 78155-5259

**RE:** **Process Served in Florida**

**FOR:** Alamo Group (TX) Inc.  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | OLD DOMINION INSURANCE COMPANY a/s/o JAMES LUCAS and DOROTHEA LUCAS vs. SCHWARZE INDUSTRIES, INC. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified Case # CA220142 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/21/2022 at 12:40 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | All entities beginning with ALAMO GROUP INC have the same delivery instructions. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/21/2022, Expected Purge Date: 02/26/2022 |
| | Image SOP |
| | Email Notification,  Kerri Alexander-Overfelt  kalexander@alamo-group.com |
| | Email Notification,  Ed Rizzuti  erizzuti@alamo-group.com |
| | Email Notification,  Andrew Sefzik  asefzik@alamo-group.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 1200 South Pine Island Road Plantation, FL 33324 866-665-5799 SouthTeam2@wolterskluwer.com |

The Information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other Information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the Information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                 Mon, Feb 21, 2022

**Server Name:**          Dan Ackerman

| | |
|---|---|
| Entity Served | ALAMO GROUP, INC. |
| Case Number | CA220142 |
| Jurisdiction | FL |



Filing # 143599746 E-Filed 02/09/2022 01:44:02 PM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR ST. JOHNS COUNTY, FLORIDA

CASE NO.:   CA22-0142

OLD DOMINION INSURANCE COMPANY
a/s/o JAMES LUCAS and DOROTHEA
LUCAS,

        Plaintiff,

v.

SCHWARZE INDUSTRIES, INC.,

        Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the Amended Complaint or Petition in this action on Defendant:

**Alamo Group, Inc.**
**c/o Registered Agent**
**C T Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**

      A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint or Petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

      If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the Attorney named below.

      Each Defendant is required to serve written defenses to the Complaint or Petition on attorney, to wit:

**Filed for record 02/09/2022 02:50 PM Clerk of Court St. Johns County, FL**

Jon D. Derrevere, Esq.
Florida Bar No. 57466
**DERREVERE STEVENS BLACK & COZAD**
2005 Vista Parkway, Suite 210
West Palm Beach, Florida 33411
Telephone:   561-684-3222
Facsimile:   561-640-3050

within twenty (20) calendar days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of said Court on _____2/9/2022_____

BRANDON PATTY
As Clerk of the Court

By: _Paige M Adam_
As Deputy Clerk

(Court Seal)

2

Filing # 143599746 E-Filed 02/09/2022 01:44:02 PM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR ST. JOHNS COUNTY, FLORIDA

CASE NO.: CA-22-0142

OLD DOMINION INSURANCE COMPANY
a/s/o JAMES LUCAS and DOROTHEA
LUCAS,

        Plaintiff,

v.

SCHWARZE INDUSTRIES, INC., and
ALAMO GROUP INC.,

        Defendants,

_____/

## FIRST AMENDED COMPLAINT

Plaintiff, OLD DOMINION INSURANCE COMPANY a/s/o JAMES LUCAS and DOROTHEA LUCAS, by and through their undersigned counsel, and pursuant to the Florida Rules of Civil Procedure, respectively sues Defendants, SCHWARZE INDUSTRIES, INC., and ALAMO GROUP INC., and as grounds therefore states as follows:

## GENERAL ALLEGATIONS

1.    This is a subrogated cause of action for damages to property owned by JAMES LUCAS and DOROTHEA LUCAS (collectively hereinafter referred to as "LUCAS"); said damages exceed Thirty Thousand Dollars ($30,000.00), exclusive of interest, attorneys' fees and costs and, therefore, the subrogated cause of action is within the subject matter jurisdiction of this Court.

2.    At all times material, OLD DOMINION INSURANCE COMPANY ("ODIC") was and remains a Florida corporation, doing business as an insurance carrier, properly registered with the Florida Department of Insurance, and therefore, is authorized to transact business, and is transacting business, in the State of Florida, and in particular, in St. Johns County, Florida.

*Old Dominion Insurance Company a/s/o James Lucas and Dorothea Lucas*
*v. Schwarze Industries, Inc., and Alamo Group Inc.*
First Amended Complaint
Page 2 of 7

3.    At all times material, LUCAS was the record owner of the property located at 200 Cumberland Park Drive, St. Augustine, Florida 32905 (the "Property").

4.    At all times material, SCHWARZE INDUSTRIES, INC., ("SCHWARZE"), upon information and belief, is a company that is part of ALAMO GROUP INC., ("ALAMO") and was the manufacturer of a 2015 SCHWARZE A4000 Storm street sweeper bearing Vehicle Identification Number JALESW160E790162, which was located at the Property (the "Street Sweeper").

5.    Venue is proper in St. Johns County, Florida because all the acts or omissions which give rise to this litigation occurred in St. Johns County, Florida.

6.    At all times material, as a manufacturer of the Street Sweeper, SCHWARZE, and in turn, ALAMO, owed a duty to LUCAS to provide a product free from defects and dangers.

7.    The Street Sweeper manufactured by SCHWARZE, and in turn, ALAMO, was defective at the time of sale and/or distribution in one or more of the following ways:

   a.  The Street Sweeper contained a manufacturing defect;

   b.  The Street Sweeper was defective in its design;

8.    As a result of its defective condition, on or about April 10, 2018, the Street Sweeper failed proximately causing severe fire damage to the Property.

9.    At all times material, the Street Sweeper was being used for its intended purpose.

10.    LUCAS timely notified ODIC, of the incident and resulting damages.

11.    In its capacity as insurer of the Property, ODIC determined the loss was covered and paid accordingly.

*Old Dominion Insurance Company a/s/o James Lucas and Dorothea Lucas*
*v. Schwarze Industries, Inc., and Alamo Group Inc.*
First Amended Complaint
Page 3 of 7

12.     ODIC is contractually subrogated to all the rights, claims, and causes of action that

LUCAS would otherwise have against SCHWARZE, and in turn, ALAMO, for damages caused

to the Property.

13.     ODIC seeks recovery of LUCAS' deductible in the amount of $1,000.00.

14.     ODIC has complied with all conditions precedent to the filing of this lawsuit.

**COUNT I – STRICT LIABILITY AS TO SCHWARZE INDUSTRIES, INC.**

15.     ODIC, hereby realleges and reaffirms paragraphs 1-14 as if fully set forth herein,

and further states:

16.     At all times material, SCHWARZE was in the business of manufacturing street

sweepers including the Street Sweeper, which was located at the Property.

17.     SCHWARZE placed the Street Sweeper on the market with knowledge that it

would be used without inspection for defects or unknown dangers.

18.     At all times material, SCHWARZE knew or should have known that ultimate users,

operators or consumers like LUCAS would not and could not reasonably inspect the Street

Sweeper for defects and dangerous conditions, and that the detection of such defects or dangers

would be beyond the capabilities of users, operators and consumers.

19.     At the time it was manufactured and/or distributed, the Street Sweeper was

defective and unreasonably dangerous to ultimate users, operators or consumers including, but not

limited to a "chaffing condition" on the positive battery cable. The "chaffing condition" caused a

short in the battery cable wiring which resulted in the fire, the damage and the loss.

*Old Dominion Insurance Company a/s/o James Lucas and Dorothea Lucas*
*v. Schwarze Industries, Inc., and Alamo Group Inc.*
First Amended Complaint
Page 4 of 7

20.     Because of its defective condition, the Street Sweeper was unreasonably dangerous to foreseeable users who used the Street Sweeper in an ordinary and foreseeable manner, including, but not limited to LUCAS.

21.     On or about April 10, 2018, the Street Sweeper failed causing fire damage to the Property.

22.     At all times material, the Street Sweeper was being used for its intended purpose.

23.     The defective Street Sweeper described above directly and proximately caused the damages sustained by LUCAS, for which ODIC is subrogated in the sum of $481,386.68.

WHEREFORE, OLD DOMINION INSURANCE COMPANY a/s/o JAMES LUCAS and DOROTHEA LUCAS hereby demands Judgment against Defendant, SCHWARZE INDUSTRIES, INC., for damages in the sum of $481,386.68 along with costs, pre-judgment interest, and all other relief which this Honorable Court deems just and proper under the circumstances.

## COUNT II - NEGLIGENCE AS TO SCHWARZE INDUSTRIES, INC.

24.     ODIC, hereby realleges and reaffirms paragraphs 1-14, as if fully set forth herein, and further states:

25.     At all times material, SCHWARZE owed a duty of reasonable care to LUCAS to distribute and/or sell street sweepers that were free of defects and which were otherwise safe for their intended use. SCHWARZE also owed a duty to warn LUCAS of any defects associated with the Street Sweeper.

*Old Dominion Insurance Company a/s/o James Lucas and Dorothea Lucas*
*v. Schwarze Industries, Inc., and Alamo Group Inc.*
First Amended Complaint
Page 5 of 7

26.     SCHWARZE breached its duty of care owed to LUCAS by distributing and/or selling the Street Sweeper in a dangerous and defective condition which proximately caused severe fire damage to the Property.

27.     As a direct and proximate result of SCHWARZE's negligence, on or about April 10, 2018, a fire caused extensive damage to the Property. LUCAS and ODIC, as subrogee, sustained damages in the sum of $481,386.68 inclusive of LUCAS' $1,000.00 policy deductible.

WHEREFORE, OLD DOMINION INSURANCE COMPANY a/s/o JAMES LUCAS and DOROTHEA LUCAS hereby demands Judgment against Defendant, SCHWARZE INDUSTRIES, INC., for damages in the sum of $481,386.68 along with costs, pre-judgment interest, and all other relief which this Honorable Court deems just and proper under the circumstances.

## COUNT III – STRICT LIABILITY AS TO ALAMO GROUP INC.

28.     ODIC, hereby realleges and reaffirms paragraphs 1-14 as if fully set forth herein, and further states:

29.     At all times material, ALAMO was in the business of manufacturing street sweepers including the Street Sweeper, which was located at the Property.

30.     ALAMO placed the Street Sweeper on the market with knowledge that it would be used without inspection for defects or unknown dangers.

31.     At all times material, ALAMO knew or should have known that ultimate users, operators or consumers like LUCAS would not and could not reasonably inspect the Street Sweeper for defects and dangerous conditions, and that the detection of such defects or dangers would be beyond the capabilities of users, operators and consumers.

*Old Dominion Insurance Company a/s/o James Lucas and Dorothea Lucas*
*v. Schwarze Industries, Inc., and Alamo Group Inc.*
First Amended Complaint
Page 6 of 7

32.    At the time it was manufactured and/or distributed, the Street Sweeper was defective and unreasonably dangerous to ultimate users, operators or consumers including, but not limited to a "chaffing condition" on the positive battery cable. The "chaffing condition" caused a short in the battery cable wiring which resulted in the fire, the damage and the loss.

33.    Because of its defective condition, the Street Sweeper was unreasonably dangerous to foreseeable users who used the Street Sweeper in an ordinary and foreseeable manner, including, but not limited to LUCAS.

34.    On or about April 10, 2018, the Street Sweeper failed causing fire damage to the Property.

35.    At all times material, the Street Sweeper was being used for its intended purpose.

36.    The defective Street Sweeper described above directly and proximately caused the damages sustained by LUCAS, for which ODIC is subrogated in the sum of $481,386.68.

WHEREFORE, OLD DOMINION INSURANCE COMPANY a/s/o JAMES LUCAS and DOROTHEA LUCAS hereby demands Judgment against Defendant, ALAMO GROUP INC., for damages in the sum of $481,386.68 along with costs, pre-judgment interest, and all other relief which this Honorable Court deems just and proper under the circumstances.

## COUNT IV-- NEGLIGENCE AS TO ALAMO GROUP INC.

37.    ODIC, hereby realleges and reaffirms paragraphs 1-14, as if fully set forth herein, and further states:

38.    At all times material, ALAMO owed a duty of reasonable care to LUCAS to distribute and/or sell street sweepers that were free of defects and which were otherwise safe for

*Old Dominion Insurance Company a/s/o James Lucas and Dorothea Lucas*
*v. Schwarze Industries, Inc., and Alamo Group Inc.*
First Amended Complaint
Page 7 of 7

their intended use. ALAMO also owed a duty to warn LUCAS of any defects associated with the

Street Sweeper.

39.     ALAMO breached its duty of care owed to LUCAS by distributing and/or selling

the Street Sweeper in a dangerous and defective condition which proximately caused severe fire

damage to the Property.

40.     As a direct and proximate result of ALAMO's negligence, on or about April 10,

2018, a fire caused extensive damage to the Property.

41.     LUCAS and ODIC, as subrogee, sustained damages in the sum of $481,386.68

inclusive of LUCAS' $1,000.00 policy deductible.

WHEREFORE, OLD DOMINION INSURANCE COMPANY a/s/o JAMES LUCAS and

DOROTHEA LUCAS hereby demands Judgment against Defendant, ALAMO GROUP INC., for

damages in the sum of $481,386.68 along with costs, pre-judgment interest, and all other relief

which this Honorable Court deems just and proper under the circumstances.

DATED this 9th day of February, 2022.

DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, Florida 33411
Telephone: (561) 684-3222
Facsimile: (561) 640-3050

BY: */s/ Jon D. Derrevere*
JON D. DERREVERE, ESQUIRE
Florida Bar No.: 330132
MICHAEL B. STEVENS, ESQUIRE
Florida Bar No: 57466
MILANA KAMENEZKI
Florida Bar No.: 125412
sjilani@derreverelaw.com
eservice@derreverelaw.com